UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., T.L., I.O., D.S., and K.S.;<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; PAMELA BONDI, Attorney General, in her official capacity; and MARCO RUBIO, Secretary of State, in his official capacity<br><br>*Defendants*. | Civil Action No. 1:25-cv-03135 |

**JOINT STATUS REPORT**

In accordance with the Court's Minute Order of 6:53 P.M., September 12, 2025, the parties submit the following Joint Status Report updating the Court on ordered meet and confer efforts regarding "whether the parties can come to an agreement to maintain the status quo, or maintain Plaintiffs in their current location" in light of the pending Motion for Temporary Restraining Order, ECF No. 2, and the briefing deadlines proposed at the hearing held today at 2:00 P.M. *See* Minute Entry, Sept. 12, 2025.

The parties state that they have been unable to come to an agreement.

**Plaintiffs' Statement**

    1. *Plaintiffs' efforts to meet and confer.*

To avoid unnecessary motions practice, counsel for Plaintiffs first contacted counsel for Defendants at 5:56 P.M. to obtain assurances that Plaintiffs would not be "removed from Ghana

1

prior to the completion of supplemental briefing and the Court's ruling on the TRO." Defendants did not respond.

Following the Court's 6:53 P.M. Minute Order, around 7:00 P.M., counsel for Plaintiffs attempted to call one of the counsel who appeared at today's hearing on behalf of Defendants. However, the phone number did not work. At 7:10 P.M. counsel for Plaintiffs e-mailed the same counsel, attaching the prior e-mail and asking for a call to meet and confer pursuant to the Court's order. Counsel for Plaintiffs did not receive a response.

Plaintiffs counsel's' 7:10 P.M. e-mail was sent contemporaneously with the appearance of new counsel for Defendants. Therefore, at 7:14 P.M., counsel for Plaintiffs e-mailed the new counsel for Defendants at the e-mail address provided on ECF. Counsel for Plaintiffs attached all prior correspondence and again asked for a call to meet and confer pursuant to the Court's order.

At 7:33 P.M., counsel for Defendants responded by stating that "[t]he government is not in a position to 'agree[] to maintain the status quo, or maintain Plaintiffs in their current location.' We will provide our position for insertion into the joint status report soon."

2. *Plaintiffs' requested relief.*

Plaintiffs will address the merits in their forthcoming supplemental brief.

However, in light of Defendants' refusal to provide assurances regarding the removal of Plaintiffs from Ghana, Plaintiffs respectfully request that the Court enter such interim relief as necessary to preserve its jurisdiction while the parties complete briefing on the Motion for Temporary Restraining Order and the Court considers the Motion.

The Court has authority to do so pursuant to the All Writs Act ("AWA"), 28 U.S.C. § 1651(a) (authorizing federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). The mere fact that

Plaintiffs are no longer in the United States is insufficient to deprive the Court of jurisdiction. *E.g.*, *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1019 (2025) (*Abrego-Garcia II*) (Sotomayor, J., concurring) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 447, n. 16 (2004) and *Boumediene v. Bush*, 553 U.S. 723, 732 (2008)) (explaining it is "plainly wrong" that "United States courts cannot grant relief once a deportee crosses the border[.]").

And jurisdiction here is far from hypothetical: Plaintiffs have adduced affirmative evidence in support of jurisdiction; that evidence suggests that the United States exerts at least some control over Plaintiffs' ultimate destination. And as the Court recognized by granting discovery into the agreement between the U.S. and Ghana, the existence of this Court's jurisdiction might be further assured by the Government's production of that agreement. Yet if Plaintiffs are removed from Ghana, jurisdiction would be destroyed. The Court must act quickly to preserve its own jurisdiction.

**Defendants' Statement**

Defendants are not in a position to "agree to maintain the status quo, or maintain Plaintiffs in their current location." Sep. 12, 2025 Minute Order. Plaintiffs are not in the actual nor constructive custody of the United States. Accordingly, Plaintiffs' alleged injury is not redressable by this Court. *See., e.g.,* In re Petitioners Seeking Habeas Corpus Relief in Rel. to Prior Detentions at Guantanamo Bay, 700 F. Supp. 2d 119, 126 (D.D.C. 2010), aff'd sub nom. Chaman v. Obama, No. 10-5130, 2012 WL 3797596 (D.C. Cir. Aug. 10, 2012); *Al Joudi v. Bush*, 2008 WL 821884, at *1 (D.D.C. Mar. 26, 2008) (finding injuries are not redressable if they are "totally dependent upon the actions of a nonparty sovereign authority beyond the control of this Court."). When "existence of one or more of the essential elements of standing 'depends on the unfettered choices

made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict,' . . . it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to . . . permit redressability of injury." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiffs cannot do so because, as even they concede, they are in the custody of the Ghanian government—not the United States government.

Further, this Court lacks the power to order the Executive Branch to take any specific diplomatic action regarding Plaintiffs. Matters of foreign affairs are "so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference." *Harisiades v. Shaughnessy*, 342 U.S. 580, 589 (1952). The President's power to speak for the country "in the field of international relations" is both "plenary and exclusive." *United States v. Curtiss-Wright Exp. Corp.*, 299 U.S. 304, 319 (1936). Nor does this Court have jurisdiction to review diplomatic assurances. *See Kiyemba v. Obama*, 561 F.3d 509, 515 (D.C. Cir. 2009) ("Judicial inquiry into a recipient country's basis or procedures for prosecuting or detaining a transferee . . . would implicate not only norms of international comity but also . . . separation of powers principles."); *see also Munaf v. Geren,* 553 U.S. 674, 702 (2008).

Finally, to the extent Plaintiffs argue that their removal to Ghana was unlawful because the procedures Defendants employed prior to executing their final orders of removal were insufficient, that argument is foreclosed by the Supreme Court's stay of the preliminary injunction in *D.V.D. v. D.H.S.,* No. 1:25-cv-10676 (D. Mass). *See DHS v. D.V.D.*, 145 S. Ct. 2153 (2025); *see also* 8 U.S.C. § 1252(g). Moreover, the class in *D.V.D.* is "mandatory," and class members may not opt out and separately pursue their own individual claims. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361–62 (2011). Indeed, the very purpose of a Rule 23(b)(2) class is to ensure that all

plaintiffs in the class receive the same relief for the same alleged adverse conduct. Fed. R. Civ. P. 23(b)(2). The Supreme Court has already determined the appropriate status quo for *D.V.D.* class members such as Plaintiffs and this Court should reject Plaintiffs' attempt to plead around a binding order of the Supreme Court.

Dated: September 12, 2025             Respectfully submitted,

                                      <u>/s/ Noah Baron            </u>.

Meredyth Yoon                         Noah Baron (D.C. Bar No. 1048319)
Samantha C. Hamilton                  ASIAN AMERICANS ADVANCING JUSTICE-
Alexandra M. Smolyar                  AAJC
ASIAN AMERICANS ADVANCING             1620 L Street, NW, Suite 1050
JUSTICE - ATLANTA                     Washington, D.C. 200036
5680 Oakbrook Parkway, Suite 148      Telephone: (202) 296-2300
Norcross, GA 30093                    nbaron@advancingjustice-aajc.org
Telephone: (470) 816-3319
shamilton@advancingjustice-atlanta.org
myoon@advancingjustice-atlanta.org
asmolyar@advancingjustice-atlanta.org


Patrick Taurel (D.C. Bar No.741700)   BRETT A. SHUMATE
Gianna Borroto (D.C. Bar No. 90023071)* Assistant Attorney General
GROSSMAN YOUNG & HAMMOND, LLC
4922 Fairmont Avenue                  ELIANIS N. PEREZ
Ste. 200                              Assistant Director
Bethesda, MD 20814
Telephone: (240) 403-0913             MATTHEW SEAMON
ptaurel@grossmanyoung.com             Senior Litigation Counsel
gborroto@grossmanyoung.com
                                      <u>/s/Mary L. Larakers</u>
                                      MARY L. LARAKERS
                                      Senior Litigation Counsel
                                      U.S. Department of Justice, Civil Division
                                      Office of Immigration Litigation
                                      P.O. Box 868, Ben Franklin Station
                                      Washington, DC 20044
                                      (202) 353-4419
                                      (202) 305-7000 (facsimile)
                                      Mary.l.larakers@usdoj.gov