# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

D.A., T.L., I.O., D.S., and K.S.;

      *Plaintiffs*,

v.

KRISTI NOEM, Secretary of Homeland
Security, in her official capacity; TODD
LYONS, Acting Director, U.S. Immigration
and Customs Enforcement, in his official
capacity; PAMELA BONDI, Attorney
General, in her official capacity; and MARCO
RUBIO, Secretary of State, in his official
capacity

      *Defendants*.

Civil Action No. 1:25-cv-03135

## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Plaintiffs respectfully submit this opinion in which the district court found that the case did not fall under *D.V.D. See Nguyen v. Scott*, No. 2:25-CV-01398, --- F. Supp. 3d ----, 2025 WL 2419288, at *25 (W.D. Wash. Aug. 21, 2025). There, the court found a likelihood of success on petitioner's claim that the government had a policy of sending people to places where the United States knows they will be imprisoned, in violation on the Constitution's prohibition on "punitive" third country removal. *Id*. at *23–25. In response to the government's arguments, the court further concluded that this type of claim was not raised in *D.V.D*: "the punitive removal claim was not considered by the district court or Supreme Court in *D.V.D*. at all." *Id*. at *25. Here, the claim is even further afield because the claim is that the government is using Ghana to circumvent the Convention Against Torture and withholding orders from the Immigration Court.

In *Ghamelian v. Baker*, No. CV SAG-25-02106, 2025 WL 2049981 (D. Md. July 22, 2025), the case raised by the Court at today's hearing, the Court found that some of the claims fell under *D.V.D.* to the extent they sought the same general "due process" as in *D.V.D.*, *id*. at *3, and not a claim that the United States was seeking to circumvent the prohibition on sending individuals with orders regarding persecution and torture to their home country. In other words, as in *D.V.D.*, the plaintiff was arguing that he was entitled to "notice and a meaningful opportunity to be heard before removal" to the third country, *id*. at *1, not the substantive claim here.

Finally, the government raised the case Judge Moss transferred to Judge Murphy, *Phan v. Noem*, No. 25-cv-2147. But that case specifically involved the very same *D.V.D.* class members at issue in the Supreme Court, and were thus best dealt with by Judge Murphy.

Because Plaintiffs' claims about the U.S. government's arrangement with Ghana to circumvent humanitarian protections are not raised in *D.V.D.*, Plaintiffs respectfully urge the Court to issue modest, temporary relief, particularly given their imminent removal to those very countries.

Respectfully submitted,                                          Dated: September 13, 2025

*/s/  Samantha C. Hamilton*

*[Signature blocks on next page]*

Meredyth Yoon*
Samantha C. Hamilton*
Alexandra M. Smolyar*
ASIAN AMERICANS ADVANCING
JUSTICE - ATLANTA
5680 Oakbrook Parkway, Suite 148
Norcross, GA 30093
Telephone: (470) 816-3319
shamilton@advancingjustice-atlanta.org
myoon@advancingjustice-atlanta.org
asmolyar@advancingjustice-atlanta.org


Patrick Taurel (D.C. Bar No.741700)
Gianna Borroto (D.C. Bar No. 90023071)**
GROSSMAN YOUNG & HAMMOND, LLC
4922 Fairmont Avenue
Ste. 200
Bethesda, MD 20814
Telephone: (240) 403-0913
ptaurel@grossmanyoung.com
gborroto@grossmanyoung.com


My Khanh Ngo (D.D.C. Bar No. CA00219)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 343-0770
mngo@aclu.org


*Admitted pro hac vice
**Pro bono representation certificates
forthcoming

Lee Gelernt (D.D.C. Bar No. NY0408)
Judy Rabinovitz*
Omar C. Jadwat*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2660
lgelernt@aclu.org
jrabinovitz@aclu.org
ojadwat@aclu.org


Noah Baron (D.C. Bar No. 1048319)
ASIAN AMERICANS ADVANCING
JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 200036
Telephone: (202) 296-2300
nbaron@advancingjustice-aajc.org