UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., T.L., I.O., D.S., and K.S.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; PAMELA BONDI, Attorney General, in her official capacity; and MARCO RUBIO, Secretary of State, in his official capacity,<br><br>*Defendants*. | Civil Action No. 1:25-cv-03135 |

**MOTION FOR PROVISION OF COURT-ORDERED DECLARATION**

Based on correspondence with Defendants, Plaintiffs understand that Defendants filed the declaration ordered by the Court following today's hearing *in camera* and *ex parte*, with no notice to Plaintiffs. *See* Ex. A. Plaintiffs respectfully request that the Court order Defendants to provide a copy of the declaration to Plaintiffs as soon as possible in light of the declaration's significant relevance to Plaintiffs' emergency motion and the urgency of the situation, in which Plaintiffs face the threat of imminent return to persecution or torture by Monday, September 15.

Following today's hearing, this Court ordered that Defendants file a declaration by 9:00 PM ET "setting forth the government's efforts, in light of Ghana's transfer of at least one Plaintiff to his home country, to keep Plaintiffs from being removed to their countries of origin or other countries where they fear persecution or torture." Sept. 13, 2025 Minute Order. At 10:41 PM ET, after no such declaration had been filed, Plaintiffs' counsel emailed Defendants' counsel requesting that they provide an estimated time of filing. Ex. A. Defendants' counsel responded

that they had "provided . . . the declaration for review in camera due to the sensitive nature of the diplomatic relations contained therein." *Id.* In a follow-up email, they stated that they lacked "authorization" to provide the declaration to Plaintiffs' counsel, including pursuant to a protective order, and that they would "ask the agency if we can share the declaration with you but do not expect we will receive an answer tonight." *Id.*

In light of the magnitude of potential harm to Plaintiffs and Plaintiffs' supplemental briefing due tomorrow—currently at 12 PM—Plaintiffs' counsel urgently require access to Defendants' declaration. As discussed at the September 12, 2025 hearing before the Court, Plaintiffs have a right to see whatever agreement or understanding has been reached between the United States and Ghana. *See* Tr. 28:1-6, *D.A. v. Noem*, No. 25-3135-TSC (D.D.C. Sept. 12, 2025) ("THE COURT: All right. Here's the thing. If this agreement has been reduced to writing, plaintiffs need to see it. I'll issue whatever protective order I need to issue.").

As Plaintiffs' counsel informed Defendants' counsel, Plaintiffs are willing to receive the declaration subject to a protective order, as counsel—including Plaintiffs' counsel here—have in other significant cases involving foreign policy matters. For example, in *J.G.G. v. Trump*, No. 1:25-cv-00766, Chief Judge Boasberg ordered jurisdictional discovery into the question whether Plaintiffs were "in custody," notwithstanding the fact that "[s]uch discovery may very well implicate matters of the most delicate diplomacy." *J.G.G.*, ECF No. 116 at 6. Plaintiffs' counsel in that case received that discovery under seal. The government regularly provides to litigants, subject to protective orders, materials that touch on foreign policy or law enforcement issues. *See, e.g.*, *M.A. v. Noem*, No. 1:23-cv-01843-TSC (case challenging government's asylum bar, the Circumvention of Lawful Pathways Rule). Courts heavily disfavor *ex parte* submissions. *Berntsen v. CIA*, 511 F. Supp. 2d 108, 110 (D.D.C. 2007) (rejecting *ex parte* classified

submission and stating, "how Defendant could possibly not need to know Plaintiff's substantive arguments on a pending dispositive motion defies reason").

Plaintiffs respectfully request that the Court order that Defendants immediately provide the declaration, which may be subject to a forthcoming protective order. If Defendants do not provide the declaration by 7 AM tomorrow, Plaintiffs respectfully request that this Court move the deadline for Plaintiffs' supplemental brief to eight hours after the time that Defendants provide the declaration.

Date: Sept. 14, 2025                                          Respectfully submitted,

| | |
|---|---|
| Meredyth Yoon* <br> Samantha C. Hamilton* <br> Alexandra M. Smolyar* <br> ASIAN AMERICANS ADVANCING JUSTICE - ATLANTA <br> 5680 Oakbrook Parkway, Suite 148 <br> Norcross, GA 30093 <br> Telephone: (470) 816-3319 <br> shamilton@advancingjustice-atlanta.org <br> myoon@advancingjustice-atlanta.org <br> asmolyar@advancingjustice-atlanta.org | /s/ *Noah Baron* <br> Noah Baron (D.D.C. Bar No. 1048319) <br> ASIAN AMERICANS ADVANCING JUSTICE-AAJC <br> 1620 L Street, NW, Suite 1050 <br> Washington, D.C. 200036 <br> Telephone: (202) 296-2300 <br> nbaron@advancingjustice-aajc.org |
| Patrick Taurel (D.C. Bar No.741700) <br> Gianna Borroto (D.C. Bar No. 90023071)** <br> Grossman Young & Hammond, LLC <br> 4922 Fairmont Avenue <br> Ste. 200 <br> Bethesda, MD 20814 <br> Telephone: (240) 403-0913 <br> ptaurel@grossmanyoung.com <br> gborroto@grossmanyoung.com | Lee Gelernt (D.D.C. Bar No. NY0408) <br> Judy Rabinovitz** <br> Omar C. Jadwat** <br> AMERICAN CIVIL LIBERTIES UNION FOUNDATION <br> 125 Broad Street, 18th Floor <br> New York, NY 10004 <br> (212) 549-2660 <br> lgelernt@aclu.org <br> jrabinovitz@aclu.org <br> ojadwat@aclu.org |

My Khanh Ngo (D.D.C. Bar No. CA00219)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org

\* *Admitted* pro hac vice
\*\* *Pro bono representation certificates forthcoming*