UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

D.A., T.L., I.O., D.S., and K.S.,

*Plaintiffs*,

v.

KRISTI NOEM, Secretary of Homeland Security, in her official capacity; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; PAMELA BONDI, Attorney General, in her official capacity; and MARCO RUBIO, Secretary of State, in his official capacity,

*Defendants*.

Civil Action No. 1:25-cv-03135

**STIPULATED PROTECTIVE ORDER**

Whereas, the parties have stipulated that the September 13, 2025, Declaration of Jonathan G. Pratt ("Pratt Declaration"), be treated for the purposes of this litigation as Attorney's Eyes Only;

Accordingly, it is this 14th day of September, 2025, by the United States District Court for the District of Columbia, ORDERED:

1. The Pratt Declaration shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals and attempting to settle this action).

2. Disclosure of the Pratt Declaration may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be

provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

   (i)  Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

   (ii)  Disclosure may be made to any designated arbiter or mediator who is assigned to hear this matter.

   (iii)  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

   (iv)  Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

   (v)  Disclosure may be made to actual and potential deposition or trial witnesses in this case (including use in connection with the preparation of said witnesses). Voluntary witnesses must agree to the terms of this Order. Involuntary witnesses must be informed of the Order and its obligations. Transcripts involving the use of such documents should be labeled Confidential unless they are otherwise public.

      (vii)    Disclosure may be made to any other person or entity upon such terms and conditions as the Parties may agree or as the Court may hereafter order.

    3.    Except as provided in Paragraph (1) above, counsel for the parties shall keep all documents designated as Confidential or Attorney's Eyes Only which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    4.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of the Pratt Declaration shall be immediately affixed with the words "ATTORNEY'S EYES ONLY" if those words do not already appear.

    5.    Nothing in this Order precludes a Party from relying on or filing on the public record an information that is in the public domain or that has been obtained outside of discovery in this litigation, even if the same or similar information is contained within the Pratt Declaration. Nothing in this Order shall be construed to restrict in any way the use of any federal records by a federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

    6.    To the extent that any material contained within the Pratt Declaration and not made publicly available elsewhere by Defendants is proposed to be filed or is filed with the Court, the portions of that material containing information from the Pratt Declaration shall be redacted by the filing party. Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion.

Date: September 14, 2025

                                                  *Tanya S. Chutkan*
                                          TANYA S. CHUTKAN
                                          United States District Judge