# EXHIBIT A

Case 1:25-cv-03135-TSC   Document 32-1   Filed 09/14/25   Page 2 of 3



*Office of the Secretary*
**U.S. Department of Homeland Security**
Washington, DC 20528

March 30, 2025

| | |
|---|---|
| MEMORANDUM FOR: | Kika Scott<br>Senior Official Performing the Duties of the Director<br>U.S. Citizenship and Immigration Services |
| | Pete R. Flores<br>Senior Official Performing the Duties of the Commissioner<br>U.S. Customs and Border Protection |
| | Todd Lyons<br>Acting Director<br>U.S. Immigration and Customs Enforcement |
| FROM: | Kristi Noem<br>Secretary of Homeland Security |
| SUBJECT: | **Guidance Regarding Third Country Removals** |

**Purpose**

This memorandum clarifies DHS policy regarding the removal of aliens with final orders of removal pursuant to sections 240, 241(a)(5), or 238(b) of the Immigration and Nationality Act (INA) to countries other than those designated for removal in those removal orders (third country removals).[1] DHS has used similar processes before, including with respect to Title 42 expulsions and the Migrant Protection Protocols.

**Process Regarding Third Country Removals[2]**

*Written Notice to the Alien & Fear Screening*

Prior to the alien's removal to a country that had not previously been designated as the country of removal, DHS must determine whether that country has provided diplomatic assurances that aliens removed from the United States will not be persecuted or tortured. If the United States has received such assurances, and if the Department of State believes those assurances to be credible, the alien

---

[1] This memorandum does not address expedited removals pursuant to INA § 235(b)(1).
[2] These procedures only apply to aliens who have no ongoing proceeding in which to raise a claim under INA § 241(b)(3) or the Convention Against Torture. For aliens who have such proceedings, DHS will follow existing procedures.

Page 2

may be removed without the need for further procedures. If the United States has not received those assurances, or if the Department of State does not believe them to be credible, DHS must follow the procedures below.

DHS will first inform the alien of removal to that country. Immigration officers will not affirmatively ask whether the alien is afraid of being removed to that country. DHS is taking this approach in line with its determination in mid-2024 that such questioning may be suggestive and that asking them leads to false claims rendering the immigration system as a whole less efficient. *Securing the Border*, 89 Fed. Reg. 48710, 48743 (June 7, 2024) (noting that aliens are "more likely to respond in the affirmative, even if they do not in fact have a fear of return or intention of seeking asylum" when asked affirmative fear questions); *Securing the Border*, 89 Fed. Reg. 81156, 81235 (Oct. 7, 2024). The allegation that a foreign country's government will torture an alien or allow an alien to be persecuted, particularly a government with which the United States has a diplomatic relationship, is a serious one. It is not unreasonable for an alien in that circumstance to be expected to affirmatively express a fear of persecution or torture.

Immigration officers will refer any alien who affirmatively states a fear of removal to U.S. Citizenship and Immigration Services (USCIS) for a screening for eligibility for protection under INA § 241(b)(3) and the Convention Against Torture (CAT) for the country of removal.

### *Where the Alien Affirmatively States a Fear*

In cases where the alien affirmatively states a fear, USCIS will generally screen the alien within 24 hours of referral from the immigration officer. This screening may be done remotely. USCIS will determine whether the alien would more likely than not be persecuted on a statutorily protected ground or tortured in the country of removal. If USCIS determines that the alien has not met this standard, the alien will be removed.

If USCIS determines that the alien has met this standard and the alien was not previously in proceedings before the Immigration Court, USCIS will refer the matter to the Immigration Court in the first instance. In cases where the alien was previously in proceedings before the Immigration Court, USCIS will notify the referring immigration officer of its finding, and the immigration officer will inform U.S. Immigration and Customs Enforcement (ICE). ICE OPLA may file a motion to reopen with the Immigration Court or the Board of Immigration Appeals, as appropriate, for further proceedings for the sole purpose of determining eligibility for protection under INA § 241(b)(3) and CAT for the country of removal. Alternatively, ICE may choose to designate another country for removal.