# EXHIBIT B

Case 1:25-cv-03135-TSC   Document 32-2   Filed 09/14/25   Page 2 of 3

PLAINTIFFS' EXHIBIT NO. 2
CASE NO. PX 25-951
IDENTIFICATION: JUL 10 2025
ADMITTED: JUL 10 2025

**To All ICE Employees**
**July 9, 2025**

**Third Country Removals Following the Supreme Court's Order in *Department of Homeland Security v. D.V.D.*, No. 24A1153 (U.S. June 23, 2025)**

On June 23, 2025, the U.S. Supreme Court granted the Government's application to stay the district court's nationwide preliminary injunction in *D.V.D. v. Department of Homeland Security*, No. 25-10676, 2025 WL 1142968 (D. Mass. Apr. 18, 2025), which required certain procedures related to providing a "meaningful opportunity" to assert claims for protection under the Convention Against Torture (CAT) before initiating removal to a third country. Accordingly, all previous guidance implementing the district court's preliminary injunction related the third country removals issued in *D.V.D.* is hereby rescinded. Absent additional action by the Supreme Court, the stay will remain in place until any writ of certiorari is denied or a judgment following any decision issues.

Effective immediately, when seeking to remove an alien with a final order of removal—other than an expedited removal order under section 235(b) of the Immigration and Nationality Act (INA)—to an alternative country as identified in section 241(b)(1)(C) of the INA, ICE must adhere to Secretary of Homeland Security Kristi Noem's March 30, 2025 memorandum, *Guidance Regarding Third Country Removals*, as detailed below. A "third country" or "alternative country" refers to a country other than that specifically referenced in the order of removal.

If the United States has received diplomatic assurances from the country of removal that aliens removed from the United States will not be persecuted or tortured, and if the Department of State believes those assurances to be credible, the alien may be removed without the need for further procedures. ICE will seek written confirmation from the Department of State that such diplomatic assurances were received and determined to be credible. HSI and ERO will be made aware of any such assurances. In all other cases, ICE must comply with the following procedures:

- An ERO officer will serve on the alien the attached Notice of Removal. The notice includes the intended country of removal and will be read to the alien in a language he or she understands.
- ERO will <u>not</u> affirmatively ask whether the alien is afraid of being removed to the country of removal.
- ERO will generally wait at least 24 hours following service of the Notice of Removal before effectuating removal. In exigent circumstances, ERO may execute a removal order six (6) or more hours after service of the Notice of Removal as long as the alien is provided reasonable means and opportunity to speak with an attorney prior to removal.
    - Any determination to execute a removal order under exigent circumstances less than 24 hours following service of the Notice of Removal must be approved by the DHS General Counsel, or the Principal Legal Advisor where the DHS General Counsel is not available.

- If the alien <u>does not</u> affirmatively state a fear of persecution or torture if removed to the country of removal listed on the Notice of Removal within 24 hours, ERO may proceed with removal to the country identified on the notice. ERO should check all systems for motions as close in time as possible to removal.
- If the alien <u>does affirmatively state</u> a fear if removed to the country of removal listed on the Notice of Removal, ERO will refer the case to U.S. Citizenship and Immigration Services (USCIS) for a screening for eligibility for protection under section 241(b)(3) of the INA and the Convention Against Torture (CAT). USCIS will generally screen the alien within 24 hours of referral.
    - USCIS will determine whether the alien would more likely than not be persecuted on a statutorily protected ground or tortured in the country of removal.
    - If USCIS determines that the alien has not met this standard, the alien will be removed.
    - If USCIS determines that the alien has met this standard and the alien was not previously in proceedings before the immigration court, USCIS will refer the matter to the immigration court for further proceedings. In cases where the alien was previously in proceedings before the immigration court, USCIS will notify the referring immigration officer of its finding, and the immigration officer will inform ICE. In such cases, ERO will alert their local Office of the Principal Legal Advisor (OPLA) Field Location to file a motion to reopen with the immigration court or the Board of Immigration Appeals, as appropriate, for further proceedings for the sole purpose of determining eligibility for protection under section 241(b)(3) of the INA and CAT for the country of removal. Alternatively, ICE may choose to designate another country for removal.

Notably, the Supreme Court's stay of removal does not alter any decisions issued by any other courts as to individual aliens regarding the process that must be provided before removing that alien to a third country.

Please direct any questions about this guidance to your OPLA field location.

Thank you for all you continue to do for the agency.


Todd M. Lyons
Acting Director
U.S. Immigration and Customs Enforcement


Attachments:

- U.S. Supreme Court Order
- Secretary Noem's Memorandum
- Notice of Removal