## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., T.L., I.O., D.S., and K.S., <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of Homeland Security, in her official capacity; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; PAMELA BONDI, Attorney General, in her official capacity; and MARCO RUBIO, Secretary of State, in his official capacity, <br><br> *Defendants*. | Civil Action No. 1:25-cv-03135 |

**PLAINTIFFS' REPLY ON JURISDICTIONAL ISSUES IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY MOTION FOR INTERIM RELIEF**

Despite the Court having already held two lengthy hearings, the government now raises, for the first time and at the eleventh hour, jurisdictional arguments based on provisions of the Immigration and Nationality Act ("INA"). Plaintiffs provide this short response to those wholly meritless arguments tacked on to the end of Defendants' brief. *See* ECF No. 33 at 16-19.

*First*, if any of the arguments had merit they would have precluded the relief granted in *Abrego Garcia*, *J.O.P.*, and *J.G.G. See* ECF No. 32 at 3-5. But those courts ordered the relief sought here. Notably, Defendants never even address *J.O.P.* or *J.G.G.* As to *Abrego Garcia*, the government notes the merits argument was different but does not deny the central point: that the Supreme Court ordered the government to take steps to facilitate the plaintiff's return.

*Second*, the specific jurisdictional provisions raised by Defendants could not be further afield. Defendants raise 8 U.S.C. § 1252(g), but that provision "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrim. Comm. (AADC)*, 525 U.S. 471, 482 (1999) (citing 8 U.S.C. § 1252(g)).  As the Supreme Court has explained, § 1252(g) is "narrow[]" and directed "against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Id*. at 482, 485 n.9. Defendants try to paint the new government scheme to circumvent Plaintiffs' withholding and CAT orders as an unreviewable discretionary act, but in affirming the district court's order to facilitate the return of Abrego Garcia, the Supreme Court has already rejected the relevance of the government's position here as to § 1252(g). *See* App. to Vacate the Inj. at 17-20, *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025), 2025 WL 1038907, at *17-20 (discussing § 1252(g)). That is not surprising given that § 1252(g) applies only to "discretionary determinations," *AADC*, 525 U.S. at 485, and Plaintiffs, like Abrego Garcia, are bringing statutory and constitutional challenges to *nondiscretionary* actions that violate legal limits. *See*, *e.g*., *D.A.M. v. Barr*, 474 F. Supp. 3d 45, 60 (D.D.C. 2020) ("*non*discretionary decisions . . . fall outside the jurisdictional bar").

Defendants also point to 8 U.S.C. §§ 1252(a)(5), (b)(9) and (a)(4), which are channeling provisions of the INA, meaning that certain claims must be raised in an individual's removal proceedings and, if the individual loses in the administrative proceeding, in a petition for review before the court of appeals.  *O.A. v. Trump*, 404 F. Supp. 3d 109, 132-38 (D.D.C. 2019).  But that is exactly what Plaintiffs did—and they prevailed, thereby receiving orders from the Immigration Judge barring their removal to their home countries.  Now that Defendants have created a scheme

to circumvent those orders, they claim Plaintiffs are out of luck and have no means of review. That

catch-22 argument is wholly untenable.


Date: Sept. 14, 2025                                    Respectfully submitted,

Meredyth Yoon*                                         /s/ Noah Baron
Samantha C. Hamilton*                                  Noah Baron (D.D.C. Bar No. 1048319)
Alexandra M. Smolyar*                                  ASIAN AMERICANS ADVANCING JUSTICE-
ASIAN AMERICANS ADVANCING                              AAJC
JUSTICE - ATLANTA                                      1620 L Street, NW, Suite 1050
5680 Oakbrook Parkway, Suite 148                       Washington, D.C. 200036
Norcross, GA 30093                                     Telephone: (202) 296-2300
Telephone: (470) 816-3319                              nbaron@advancingjustice-aajc.org
shamilton@advancingjustice-atlanta.org
myoon@advancingjustice-atlanta.org
asmolyar@advancingjustice-atlanta.org




Patrick Taurel (D.C. Bar No.741700)                    Lee Gelernt (D.D.C. Bar No. NY0408)
Gianna Borroto (D.C. Bar No.                           Judy Rabinovitz**
90023071)**                                            Omar C. Jadwat**
Grossman Young & Hammond, LLC                          AMERICAN CIVIL LIBERTIES
4922 Fairmont Avenue                                   UNION FOUNDATION
Ste. 200                                               125 Broad Street, 18th Floor
Bethesda, MD 20814                                     New York, NY 10004
Telephone: (240) 403-0913                              (212) 549-2660
ptaurel@grossmanyoung.com                              lgelernt@aclu.org
gborroto@grossmanyoung.com                             jrabinovitz@aclu.org
                                                       ojadwat@aclu.org



My Khanh Ngo (D.D.C. Bar No.
CA00219)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org


* Admitted pro hac vice
** Pro bono representation certificates forthcoming