UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., T.L., I.O., D.S., and K.S.;<br><br>*Plaintiffs,*<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, *et al.,*<br><br>*Defendants.* | Civil Action No. 1:25-cv-03135<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL PRATT DECLARATION** |

**INTRODUCTION**

This Court should deny Plaintiffs' motion to unseal the Pratt declaration. This declaration is not a public record to which the common law presumption of access attaches. The declaration was submitted pursuant to a Court order, Defendants did not rely on it in their opposition to Plaintiffs' motion for emergency relief, and the Court's decision on the emergency motion—which focused on the Court's subject-matter jurisdiction—likewise did not rely upon it. Accordingly there is no presumption of access to this declaration.

Even if there were a presumption of access to this declaration, Plaintiffs' motion fails. The Pratt Declaration contains confidential information regarding sensitive diplomatic discussions relating to an ongoing issue. Any information regarding those active discussions necessarily has the potential to impact those ongoing discussions. The fact that, in Plaintiffs' own view, the Pratt Declaration "in fact contains no sensitive information" and "provides no meaningful information

1

not already available in the public record," ECF No. 40 at 2, is inapposite.[1] Relations with foreign governments are inherently sensitive, and any public disclosure or denial of the *substance* of those discussions, or indeed, the very *fact* of discussions is sensitive particularly when they pertain to an active diplomatic matter. On balance, the Government's interest outweighs Plaintiffs' purported interest and this Court should deny their motion.

## LEGAL STANDARD

Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), the right of public access to judicial records is not absolute, and a court may order a filing be made under seal. *EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (1996). When determining whether to seal a court record, courts engage in the six-factor inquiry described in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Those factors are: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Hubbard*, 650 F.2d at 317-22; s*ee also In re Leopold*, 964 F.3d 1121, 1131 n.9 (D.C. Cir. 2020) (noting that the same standard applies to motions to unseal). Although a district court has "wide" discretion when balancing the *Hubbard* factors, "the district court must provide a 'full explanation' for its decision, detailed enough to permit 'review of the district court's exercise of its discretion.'" *In re L.A. Times Commc'ns LLC*,

---

[1] Defendants note that this argument also works against Plaintiffs. If there is no information in the Declaration that is not already public, then surely there cannot be a strong public interest in its disclosure. Plaintiffs cannot have it both ways.

2

28 F.4th 292, 297 (D.C. Cir. 2022) (brackets omitted) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1410).

## ARGUMENT

**I.   The Right of Public Access Does Not Apply to the Pratt Declaration Because it is Not a Judicial Record.**

As a threshold matter, Plaintiffs' Motion fails because it is based on the common law right of public access to judicial records. This argument is without merit because the Pratt Declaration does not constitute a judicial record. "Not all documents filed with courts are judicial records." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3, 404 U.S. App. D.C. 286 (D.C. Cir. 2013). Instead, "[w]hether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *Id.* "If a court makes no decision about a document or does not otherwise rely on it, the document is not a judicial record." *In re Press Coalition's Motion*, No. 1:21-mc-155-RCL, 2022 U.S. Dist. LEXIS 14566, at *5 (D.D.C. Jan. 26, 2022) (citing *Am. Int'l Grp.*, 712 F.3d at 4); *see also Siedle v. Putnam Inv's., Inc.,* 147 F.3d 7, 10 (1st Cir. 1998) (defining a "judicial record" as "submitted by the parties to aid in the adjudication" of an issue before the court that is "meant to impact the court's disposition of substantive rights."). Here, the Defendants provided the Pratt Declaration to the Court by Defendants pursuant to a Court order. Minute Order (Sept. 13, 2025, 6:03pm). However, it was not offered in support of Defendants' opposition brief, nor was it cited to support Defendants' arguments against a TRO. ECF No. 33. It is therefore unsurprising that the Court did not reference or rely upon it in its decision to deny the TRO, which was based entirely on issues of redressability and jurisdiction. *See* ECF No. 41. Because the Court "ma[de] no decision about" the Pratt Declaration and "d[id] not otherwise rely on it" when reaching its decision, it does not constitute a judicial record. Accordingly, there is no public right to access the Declaration and Plaintiffs' Motion may be denied on that basis alone.

3

**II.     Factors**

Assuming *arguendo* that the Pratt Declaration constitutes a judicial record, balancing the *Hubbard* factors weighs strongly against unsealing. The affidavit has never been publicly disclosed, and releasing it for the first time would expose sensitive diplomatic communications that the United States has a compelling interest in protecting. The public's need for access is minimal compared to the grave harm disclosure would cause to foreign relations and to the candor of international dialogue. The United States would face significant prejudice if the information were unsealed, while the affidavit itself was submitted only to aid the Court's consideration of a discrete issue, not to resolve the merits of the case. In these circumstances, the presumption of public access is overcome, and the affidavit should remain under seal.

*1. Need for public access to the documents*

The first factor weighs strongly in Defendants' favor. "A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions. Other portions of the record-- such as documents filed with the court or introduced into evidence--often have a private character, diluting their role as public business." *Nat'l Children's Ctr.*, 98 F.3d at 1409. The Pratt Declaration is quite clearly not of significant public interest. All of the substantive filings in this case— Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 2), Emergency Motion for Interim Relief (ECF No. 18), Defendants' Opposition both of those motions (ECF No. 33), and the Court's decision denying those motions (ECF No. 41)—are on the public docket. These are the filings for which the interest in public access is strongest. Conversely, the Pratt Declaration was provided by Defendants pursuant to a Court order and was not filed with Defendants' opposition brief or offered in support of their arguments against the TRO. Indeed, as discussed above, insofar as it played no role in the Court's decision to deny the TRO (which was based on entirely on redressability and jurisdiction), the Pratt Declaration is not a judicial record at all. Accordingly,

4

the need for public access is exceedingly low. This is particularly since disclosure risks undermining foreign policy or diplomatic relations. The public's interest here is minimal compared to the substantial sovereign interests at stake.

### *2. Extent of previous public access*

The affidavit has not been publicly disclosed in any form. Indeed, both the fact that the United States has engaged in diplomatic discussions with a foreign sovereign and the content of those discussions is not ordinarily public information. If the information becomes public, it is because the Executive Branch chose to make it public. Because there has been no prior access to this declaration nor generally to information of this type, unsealing would represent a first-time disclosure of sensitive diplomatic content, amplifying the potential harm.

### *3. Identity of the party objecting and the purposes for which disclosure is sought*

The United States objects to unsealing to safeguard diplomatic channels and protect ongoing international relationships. Any private party seeking disclosure does so for litigation advantage, not to serve a broader public purpose. Indeed, the motion for which Plaintiffs sought unsealing of the declaration has already been denied. This factor favors maintaining the seal.

### *4. Strength of property and privacy interests involved*

Diplomatic communications are among the most sensitive categories of information the government maintains. Disclosure could compromise not only the privacy of foreign officials but also the confidentiality assurances essential to international engagement. These interests strongly support sealing.

*5. Possibility of prejudice to those opposing disclosure*

Unsealing risks immediate and irreparable harm to the United States' foreign relations, potentially chilling candor in diplomatic exchanges. Prejudice here is not speculative; it strikes at the core of national interests.

*6. Purposes for which the documents were introduced*

The sixth and final factor weighs strongly in Defendants' favor. This factor hinges on "the purposes for which the documents were introduced." *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317-22). Disclosure is favored where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (alteration in original) (quoting *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). *Brown Rudnick LLP v. Doe*, No. 25-cv-853 (JEB), 2025 U.S. Dist. LEXIS 85672, at *6 (D.D.C. Apr. 9, 2025). Here, the declaration was submitted at the Court's request, and in order to support the Court's consideration of a discrete issue. Defendants did not submit the Declaration in support of their Opposition to Plaintiffs' Motion for Temporary Restraining Order. Defendants did not affirmatively offer it to support their arguments against a TRO, nor did Defendants rely upon it in their brief. For these reasons, it does not relate to the Court's efforts to adjudicate the merits of the parties' claims in a manner requiring public access. Because the affidavit is, at best, ancillary to the Court's decision-making, the presumption of access is unquestionably at its weakest.

Balancing the *Hubbard* factors, the presumption of openness is outweighed by the compelling governmental and diplomatic interests at stake. Even if the Declaration constitutes a judicial record, it should remain under seal to protect the United States' foreign relations and to avoid serious prejudice to ongoing diplomatic efforts.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Unseal the Pratt Declaration.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIANIS N. PEREZ
Assistant Director

MATTHEW P. SEAMON
Senior Litigation Counsel

/s/ *Mary L. Larakers*
MARY L. LARAKERS
(Texas Bar # 24093943)
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov