UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., T.L., I.O., D.S., and K.S.;<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; PAMELA BONDI, Attorney General, in her official capacity; and MARCO RUBIO, Secretary of State, in his official capacity<br>*Defendants*. | Civil Action No. 1:25-cv-03135 |

**REPLY IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO DISSOLVE PROTECTIVE ORDER AND UNSEAL DOCUMENT**

Contrary to Defendants' contentions, the Declaration of Jonathan G. Pratt, Senior Bureau Official for the Bureau of African Affairs at the U.S. Department of State ("Pratt Declaration") is plainly a judicial record to which the "strong presumption in favor of public access" attaches: Plaintiffs relied upon the Declaration in their briefing. *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). Defendants' cursory assertions, which do not cite the actual contents of the Declaration, do not overcome that presumption. The Court should unseal the Declaration.

    **I.    The Declaration Is a Judicial Record.**

It's true that not all documents are judicial records. But the D.C. Circuit has been clear that documents that "were filed before the district court's decision and were intended to

1

influence it" are in fact judicial records, whether or not the Court cited them in its decision. *Metlife*, 865 F.3d at 668 ("The fact that the court did not cite or quote portions of those documents does not mean that it did not 'rely' on them—if only to determine that they did not dissuade it from its bottom-line conclusion."). "Without access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *Id.* Accordingly, the D.C. Circuit has held that parties' briefs and appendices are judicial records. *Id.* (explaining that "[a] brief (or part of a brief) can affect a court's decisionmaking process even if the court's opinion never quotes or cites it" and that "[t]here is no doubt . . . that parties' briefs play a central role in the adjudicatory process"). And it has likewise held that court orders, "applications for such orders"—including electronic surveillance orders—"and their supporting documents (e.g., accompanying affidavits)" are public information. *In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121 (D.C. Cir. 2020). So are references in parties' briefs to a deposition. *League of Women Voters of United States v. Newby*, 963 F.3d 130, 135-36 (D.C. Cir. 2020).

Defendants' argument that the Declaration is not a judicial record relies on inapposite cases. *MetLife* explained that *SEC v. Am. Int'l Grp.*, 712 F3d 1 (D.C. Cir. 2013), on which Defendants rely, involved documents that "were never filed" and "were produced after the court's decision," so were not submitted to influence it. *Id.* at 667-68. And *In re Press Coalition's Motion*, No. 1:21-mc-155-RCL, 2022 WL 227090 (D.D.C. Jan. 26, 2022), on which Defendants likewise rely, involved documents never seen by the Court before the request for unsealing, much less relied upon by a party in the adjudicatory process. *Id.* at *3.

And Defendants' argument also relies on ignoring Plaintiffs' use of the Declaration in support of their Motion for Temporary Restraining Order. Defendants make much out of the fact

2

that they never cited the Declaration in their briefing and the Court did not cite it in its decision. Defs.' Resp. at 4. But in Plaintiffs' Supplemental Brief In Support of Motion for Temporary Restraining Order filed two hours after receiving the Declaration, *Plaintiffs* brought the Declaration to the Court's attention as a supporting document "intended to influence" the Court's decision. *See Metlife*, 865 F.3d at 668. Indeed, Plaintiffs redacted substantial portions of their supplemental brief pursuant to the Protective Order agreed upon by the parties because the brief contained information in the Declaration. The inclusion of information in the Declaration to Plaintiffs' Supplemental Brief is evident: The brief begins, "The Pratt Declaration is the first time in this litigation that Defendants have submitted any information or response to Plaintiffs' emergency motion in a sworn statement," and the remainder of the first paragraph is redacted. ECF No. 32 at 1. Further redactions appear on pages 2, 6, and 7 of Plaintiffs' Supplemental Brief. Because Plaintiffs used the Declaration in their argument to the Court for a temporary restraining order, there can be no doubt that under *Metlife* and *In re Leopold* the Declaration is a judicial record.[1]

## II. The *Hubbard* Factors Weigh Strongly In Favor of Unsealing.

Defendants' cursory assertions provide no basis for unsealing. In their evaluation of the *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), factors, Defendants do not provide any argument as to *why* the document must remain under seal predicated on any citations to, or specific information in, the Declaration. *Id.* at 5-6. If they had had such arguments available and wished to make them, they could have done so under seal—as Plaintiffs did in their Supplemental Brief when making arguments about the substance of the Declaration. But

---

[1] Plaintiffs did not need to file the Declaration alongside their Motion as support, as it had already been submitted to the Court. But had the Declaration been a document not previously available to the Court, Plaintiffs would have done so, and such submission would likewise form a basis for status as a judicial record.

3

Defendants did not even proffer such arguments tethered to the actual contents of the Declaration, much less persuasively carry their burden to overcome the strong presumption in favor of public access to the Declaration based on its contents. If Defendants had made such an argument, Plaintiffs would, of course, have responded on the merits in their Reply Brief. Such an argument would not have been persuasive. The Court has full access to the Declaration. Plaintiffs' prior assessment that the Declaration in fact contains no sensitive information, on any reasonable reading, and no meaningful information not already available in the public record remains correct. *See* ECF No. 40 at 2.

The *Hubbard* factors in fact weigh strongly in favor of disclosure: there is a "need for public access to the document[] at issue," and the document was introduced in support of Plaintiffs' Motion for Temporary Restraining Order. *See MetLife*, 865 F.3d at 665. Plaintiffs brought information in the Declaration to the Court's attention in their arguments to this Court as to why a Motion for Temporary Restraining Order was warranted. As Defendants note, "Disclosure is favored where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.'" Defs.' Resp. at 6 (quoting *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021)). Contrary to Defendants' assertion, the Declaration is plainly of significant public interest, on a case of important national concern regarding government policy, and the public has a strong interest in access to judicial records. *E.g.*, *MetLife*, 865 F.3d at 663. As described, Defendants have provided no argument tethered to the Declaration that bears on the *Hubbard* factors, much less an argument that overcomes the strong presumption in favor of public access.

The right of public access to judicial records "reflects the antipathy of a democratic country to the notion of 'secret law,' inaccessible to those who are governed by that law." *In re*

4

*Leopold*, 964 F.3d at 1127. It "is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *MetLife*, 865 F.3d at 663. The Protective Order should be dissolved and the Declaration unsealed.

Dated: September 17, 2025                                                  Respectfully submitted,

                                                                           */s/ Noah Baron*                .

| | |
|---|---|
| Meredyth Yoon* | Noah Baron (D.C. Bar No. 1048319) |
| Samantha C. Hamilton* | ASIAN AMERICANS ADVANCING |
| Alexandra M. Smolyar* | JUSTICE-AAJC |
| ASIAN AMERICANS ADVANCING | 1620 L Street, NW, Suite 1050 |
| JUSTICE - ATLANTA | Washington, D.C. 200036 |
| 5680 Oakbrook Parkway, Suite 148 | Telephone: (202) 296-2300 |
| Norcross, GA 30093 | nbaron@advancingjustice-aajc.org |
| Telephone: (470) 816-3319 | |
| shamilton@advancingjustice-atlanta.org | |
| myoon@advancingjustice-atlanta.org | |
| asmolyar@advancingjustice-atlanta.org | |
| | |
| Patrick Taurel (D.C. Bar No.741700) | Lee Gelernt (D.D.C. Bar No. NY0408) |
| Gianna Borroto (D.C. Bar No. 90023071)* | Judy Rabinovitz** |
| GROSSMAN YOUNG & HAMMOND, LLC | Omar C. Jadwat** |
| 4922 Fairmont Avenue | AMERICAN CIVIL LIBERTIES |
| Ste. 200 | UNION FOUNDATION |
| Bethesda, MD 20814 | 125 Broad Street, 18th Floor |
| Telephone: (240) 403-0913 | New York, NY 10004 |
| ptaurel@grossmanyoung.com | (212) 549-2660 |
| gborroto@grossmanyoung.com | lgelernt@aclu.org |
| | jrabinovitz@aclu.org |
| | ojadwat@aclu.org |

| | |
|---|---|
| My Khanh Ngo (D.D.C. Bar No. CA00219)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>425 California Street, Suite 700<br>San Francisco, CA 94104<br>(415) 343-0770<br>mngo@aclu.org | Kathryn Huddleston***<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>425 California Street, Suite 700<br>San Francisco, CA 94104<br>(415) 343-0770<br>mngo@aclu.org |

\* *Admitted* pro hac vice
\*\* *Pro bono representation certificates forthcoming*
\*\*\* *Pro bono representation certificate forthcoming. Not a member of the D.C. Bar; practice limited to federal courts and supervised by a member of the D.C. Bar.*